**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| VICENTE JOAQUIN GRIEGO, | ) | NO. ED CV 14-375-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, Commissioner | ) | **AND ORDER OF REMAND** |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on March 6, 2014, seeking review of the Commissioner's denial of disability benefits. The parties filed a consent to proceed before a United States Magistrate Judge on April 3, 2014. Plaintiff filed a motion for summary judgment on August 6,

2014.  Defendant filed a motion for summary judgment on September 2, 2014.  The Court has taken the motions under submission without oral argument.  See L.R. 7-15; Minute Order, filed March 14, 2014.

### BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff, a former welder-fitter and welder-fabricator, asserts disability based on a combination of alleged physical impairments (Administrative Record ("A.R.") 39-46, 65-66, 166-75).  An Administrative Law Judge ("ALJ") found that severe exertional and non-exertional impairments prevent Plaintiff from using either of his upper extremities for work above the shoulder or overhead (A.R. 14-15).  The ALJ further found that Plaintiff, who was right handed, "has no functional use of the right upper extremity" (A.R. 15, 29).  The ALJ agreed that Plaintiff is unable to perform any of Plaintiff's past relevant work (A.R. 19).

To determine whether there exist other jobs Plaintiff can perform, the ALJ questioned a vocational expert (A.R. 51-55).  The vocational expert testified that a person having the functional limitations the ALJ found to exist[1] could perform the jobs of "information clerk" and "parking lot signaler" (A.R. 51-55).  Without explanation, the vocational expert stated that his testimony was consistent with the information contained in the Dictionary of Occupational Titles ("DOT") (A.R. 55).  Without explanation, the ALJ

---

[1]     The ALJ assessed Plaintiff as limited to less than a full range of light work, with multiple restrictions including but not limited to the restrictions described above (A.R. 15).

1   "determined that the vocational expert's testimony is consistent with

2   the information contained in the [DOT]" (A.R. 20). The ALJ relied on

3   the vocational expert's testimony in finding Plaintiff not disabled

4   (A.R. 20). The Appeals Council denied review (A.R. 1-3).

5

6                         **STANDARD OF REVIEW**

7

8      Under 42 U.S.C. section 405(g), this Court reviews the

9   Administration's decision to determine if: (1) the Administration's

10   findings are supported by substantial evidence; and (2) the

11   Administration used correct legal standards. See <u>Carmickle v.</u>

12   <u>Commissioner</u>, 533 F.3d 1155, 1159 (9th Cir. 2008); <u>Hoopai v. Astrue</u>,

13   499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such

14   relevant evidence as a reasonable mind might accept as adequate to

15   support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401

16   (1971) (citation and quotations omitted); <u>see Widmark v. Barnhart</u>,

17   454 F.3d 1063, 1067 (9th Cir. 2006).

18

19                         **INTRODUCTION**

20

21      Without explanation, the ALJ relied on vocational expert

22   testimony in apparent (or at least possible) conflict with information

23   contained in the DOT. On the present record, the Court is unable to

24   conclude that the Administration thereby carried its burden of

25   demonstrating the existence of jobs Plaintiff can perform. Remand is

26   appropriate.

27   ///

28   ///

**DISCUSSION**

"After a claimant satisfies his initial burden of showing that a physical or mental impairment prevents him from performing his previous work, the burden shifts to the [Administration] to show that the claimant has the capacity to perform other work and that such other work exists in the national economy." Stone v. Heckler, 761 F.2d 530, 532 (9th Cir. 1985).  Where, as here, a claimant's non-exertional impairments significantly limit his or her range of work "the grids do not apply, and the testimony of a vocational expert is required to identify specific jobs within the claimant's abilities." Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir. 1988); see Tackett v. Apfel, 180 F.3d 1094, 1103 (9th Cir. 1999); Burkhart v. Bowen, 856 F.2d 1335, 1340-41 (9th Cir. 1988).

In the present case, the ALJ attempted to carry the Administration's burden through reliance on the testimony of a vocational expert.  The vocational expert testified that a person having no ability to reach above the shoulder or overhead, and no ability to use the right hand at all, nevertheless could perform the jobs of "information clerk" and "parking lot signaler."  The vocational expert and the ALJ claimed that there exists no inconsistency between this testimony and the information contained in the DOT.

///

///

///

///

1    Social Security Ruling 00-4p[2] provides:

2

3        When a [vocational expert] provides evidence about the
4    requirements of a job or occupation, the [ALJ] has an
5    affirmative responsibility to ask about <u>any possible</u>
6    <u>conflict</u> between that [vocational expert] evidence and
7    information provided in the DOT . . .[3]

8

9        If the [vocational expert's] evidence <u>appears to</u>
10   <u>conflict</u> with the DOT, the [ALJ] will obtain a reasonable
11   explanation for the <u>apparent conflict</u>.

12

13       When vocational evidence provided by a [vocational
14   expert] is <u>not consistent with</u> information in the DOT, the
15   [ALJ] must resolve this conflict before relying on the
16   [vocational expert] evidence to support a determination or
17   decision that the individual is or is not disabled.   The
18   [ALJ] will explain in the determination or decision how he
19   or she resolved the conflict.   The adjudicator must explain
20   the resolution of the conflict irrespective of how the
21   conflict was identified (emphasis added).

22   ///

23

24       [2]    Social Security rulings are "binding on ALJs."   <u>Terry</u>
25   <u>v. Sullivan</u>, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

26       [3]    For this purpose, the "information provided in the DOT"
27   includes the information provided in the DOT's "companion
     publication," the "Selected Characteristics of Occupations
28   Defined in the Revised Dictionary of Occupational Titles (SCO)."
     <u>See</u> SSR 00-4p.

Elsewhere, SSR 00-4p similarly provides that "[w]hen there is an apparent unresolved conflict between [vocational expert] evidence and the DOT, the [ALJ] must elicit a reasonable explanation for the conflict before relying on the [vocational expert] evidence to support a determination or decision about whether the claimant is disabled." (emphasis added).  "The procedural requirements of SSR 00-4p ensure that the record is clear as to why an ALJ relied on a vocational expert's testimony, particularly in cases where the expert's testimony conflicts with the [DOT]."  Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007); see Light v. Social Security Administration, 119 F.3d 789, 794 (9th Cir. 1997) (error exists where "[n]either the ALJ nor the vocational expert explained the reason for departing from the DOT"); Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995) ("an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation"); see also Burkhart v. Bowen, 856 F.2d at 1341 (Administration may not speculate concerning the requirements of particular jobs).

Despite the vocational expert's and the ALJ's conclusory assertions to the contrary, there exist "apparent" (or at least "possible") conflicts between the vocational expert's testimony and information contained in the DOT.  According to the DOT, both of the identified jobs require frequent "reaching."  See 1991 WL 672187; DOT 237.367-018 (information clerk); 1991 WL 687870; DOT 915.667-014 (parking lot signaler).  "Reaching" means "extending the hands and arms in any direction."  SSR 85-15 (emphasis added); see Mkhitaryan v. Astrue, 2010 WL 1752162, at *3 (C.D. Cal. April 27, 2010) (citing SCO,

6

1    Appendix C).  "Any direction" would appear to include overhead.  See

2    id.  Consequently, many courts have discerned a conflict between the

3    requirement of frequent reaching and a preclusion or restriction on

4    reaching overhead or above the shoulder.  See, e.g., Carpenter v.

5    Colvin, 2014 WL 4795037, at *7-8 (E.D. Cal. Sept. 25, 2014); Skelton

6    v. Commissioner, 2014 WL 4162536, at *13 (D. Or. Aug. 18, 2014); Lamb

7    v. Colvin, 2014 WL 3894919, at *5-6 (E.D. Cal. Aug. 4, 2014); Riffner

8    v. Colvin, 2014 WL 3737963, at *4-5 (C.D. Cal. July 29, 2014); Nguyen

9    v. Colvin, 2014 WL 2207058, at *2-3 (C.D. Cal. May 28, 2014); Barnes

10   v. Colvin, 2014 WL 931123, at *7-8 (W.D. Wash. March 10, 2014);

11   Samsaquan v. Colvin, 2014 WL 218419, at *2-3 (C.D. Cal. Jan. 21,

12   2014); Giles v. Colvin, 2013 WL 4832723, at *4 (C.D. Cal. Sept. 10,

13   2013); Duff v. Astrue, 2012 WL 3711079, at *3-4 (C.D. Cal. Aug. 28,

14   2012); McQuone v. Astrue, 2012 WL 3704795, at *3-4 (E.D. Cal. Aug. 24,

15   2012); Newman v. Astrue, 2012 WL 1884892, at *5 (C.D. Cal. May 23,

16   2012); Richardson v. Astrue, 2012 WL 1425130, at *4-5 (C.D. Cal.

17   April 25, 2012); Bentley v. Astrue, 2011 WL 2785023, at *3-4 (C.D.

18   Cal. July 14, 2011); Bermudez v. Astrue, 2011 WL 997290, at *3-4 (C.D.

19   Cal. March 21, 2011); Hernandez v. Astrue, 2011 WL 223595, at *5 (C.D.

20   Cal. Jan. 21, 2011); Mkhitaryan v. Astrue, 2010 WL 1752162, at *3

21   (C.D. Cal. April 27, 2010); Caruso v. Astrue, 2008 WL 1995119, at *7

22   (N.D. N.Y. May 6, 2008); see also Prochaska v. Barnhart, 454 F.3d 731,

23   736 (7th Cir. 2006) ("It is not clear to us whether the DOT's

24   requirements include reaching above shoulder level and this is exactly

25   the sort of inconsistency the ALJ should have resolved with the

26   ///

27   ///

28   ///

1   expert's help").[4]

2

3        Another "apparent" (or at least "possible") conflict between the

4   testimony of the vocational expert and the information contained in

5   the DOT relates to Plaintiff's inability to use his right hand for any

6   purpose.   Some courts have interpreted the DOT's "reaching"

7   requirement as contemplating bilateral reaching.   See, e.g., Dickerson

8   v. Astrue, 2008 WL 2563251, at *8 (W.D. Va. June 23, 2008); Southers

9   v. Barnhart, 2006 WL 3771813, at *4 n.1 (W.D. Va. Dec. 21, 2006);

10  Doucette v. Barnhart, 2004 WL 2862174, at *5 (D. Me. Dec. 13, 2004),

11  adopted by 2005 WL 23344 (D. Me. Jan. 4, 2005); Hall-Grover v.

12  Barnhart, 2004 WL 1529283, at *4 (D. Me. Apr. 30, 2004); see also

13  Fortes v. Astrue, 2009 WL 734161, at *1, 4-5 (S.D. Cal. Mar. 18, 2009)

14  (discerning conflict between DOT requirement of frequent handling[5] and

15  vocational expert testimony that a person whose right hand is limited

16  _____

17        [4]   Case law on this issue is not uniform.   Several courts
    have discerned no conflict between the requirement of frequent
18  reaching and a preclusion or restriction on reaching overhead or
    above the shoulder.   See Parker v. Colvin, 2014 WL 4662095, at *9
19  (W.D. Pa. Sept. 18, 2014); King v. Commissioner, 2013 WL 3456957,
    at *3 (E.D. Mich. July 9, 2013); Alarcon v. Astrue, 2013 WL
20  1315968, at *4 (S.D. Cal. March 28, 2013); Lidster v. Astrue,
    2012 WL 13731, at *3 (S.D. Cal. Jan. 3, 2012); Provenzano v.
21  Astrue, 2009 WL 4906679, at *5 (C.D. Cal. Dec. 17, 2009); Fuller
    v. Astrue, 2009 WL 4980273, at *2 (C.D. Cal. Dec. 15, 2009);
22  Rodriquez v. Astrue, 2008 WL 2561961, at *2 (C.D. Cal. June 25,
    2008); see also Sevier v. Colvin, 2014 WL 2717999 (S.D. Ind.
23  June 16, 2014) (affirming Commissioner's reliance on a vocational
    expert's opinion that the claimant, who was precluded from
24  "overhead work," could function as an "information clerk").

25        [5]   According to the DOT, the jobs of "information clerk"
    and "parking lot signaler" require frequent "handling," as well
26  as frequent "reaching."   See 1991 WL 672187; DOT 237.367-018
    (information clerk); 1991 WL 687870; 915.667-014 (parking lot
27  signaler).

28

1  to occasional handling could perform the job).[6]

2

3      Given the "apparent" (or at least "possible") conflicts between

4  the vocational expert's testimony and the information in the DOT

5  concerning both jobs identified, the Court is unable to conclude on

6  the present record that the Administration carried its burden of

7  demonstrating the existence of jobs Plaintiff can perform.  Neither

8  the vocational expert nor the ALJ recognized the existence of any

9  conflict, so neither the vocational expert nor the ALJ provided any

10  explanation that might support preferring the vocational expert's

11  testimony over the arguably conflicting information in the DOT.  See

12  SSR 00-4p; Light v. Social Security Administration, 119 F.3d at 794

13  (error that "[n]either the ALJ nor the vocational expert explained the

14  _____

15      [6]    Case law on this issue is also not uniform.  Many
16  courts have refused to discern any conflict between the
    requirement of frequent reaching and a vocational expert's
17  testimony that a person restricted in one extremity could perform
    the job.  See, e.g., Nagata v. Colvin, 2014 WL 4385943, at *3
18  (C.D. Cal. Sept. 3, 2014); Bickford v. Commissioner, 2014 WL
    1302459, at *2 (E.D. Cal. March 28, 2014); Fluck v. Colvin, 2013
19  WL 5111772, at *5-6 (E.D. Tex. Sept. 12, 2013); Landrum v.
    Colvin, 2013 WL 3819675, at *6 (C.D. Cal. July 23, 2013);
20  Palomares v. Astrue, 887 F. Supp. 2d 906, 920 (N.D. Cal. 2012);
    McConnell v. Astrue, 2010 WL 1946728, at *7 (C.D. Cal. May 10,
21  2010); Calip v. Astrue, 2009 WL 113011, at *6-7 (W.D. Okla. Jan.
    15, 2009); Phares v. Commissioner, 2008 WL 2026097, at *21-22
22  (N.D. W.Va. May 9, 2008); Feibusch v. Astrue, 2008 WL 583554, at
    *5 (D. Haw. March 4, 2008); Banks v. Astrue, 537 F. Supp. 2d 75,
23  82 (D.D.C. 2008); Diehl v. Barnhart, 357 F. Supp. 2d 804, 822
    (E.D. Pa. 2005); see also Carey v. Apfel, 230 F.3d 131, 146 (5th
24  Cir. 2000) (conflict deemed "tangential"); Sims v. Colvin, 2014
    WL 3362286, at *7 (N.D. Cal. July 7, 2014) (citing a pre-2007
25  unpublished Ninth Circuit decision (in violation of Ninth Circuit
    Rule 36-3(c)) to find an absence of conflict); Ridenhour v.
26  Astrue, 2009 WL 77765, at *13 (N.D. Tex. Jan. 12, 2009) ("no
    patent conflict that would require overturning the Commissioner's
27  decision").
28

reason for departing from the DOT"); <u>Johnson v. Shalala</u>, 60 F.3d at
1435 ("an ALJ may rely on expert testimony which contradicts the DOT,
but only insofar as the record contains persuasive evidence to support
the deviation").

On the present record, the Court cannot find the error to have
been harmless.  The vocational expert did opine that one-handed
individuals who can never reach overhead can perform the identified
jobs, but the vocational expert failed to explain the bases for this
opinion.  Moreover, as previously indicated, the ALJ failed to explain
why the ALJ preferred the vocational expert's conclusory opinion over
the seemingly conflicting information provided in the DOT.  Rather,
the ALJ (and the vocational expert) denied the existence of any
possible conflict.  Accordingly, the Court is unable to conclude that
the errors were harmless.  <u>See Garcia v. Commissioner</u>, 2014 WL
4694798, at *6-7 (9th Cir. Sept. 23, 2014) (a failure to develop the
record is not harmless unless it is "clear from the record" that the
error was "inconsequential to the ultimate nondisability
determination"; citing <u>Tommasetti v. Astrue</u>, 533 F.3d 1035 (9th Cir.
2008)); <u>see also McLeod v. Astrue</u>, 640 F.3d 881, 887 (9th Cir. 2011)
(error not harmless where "the reviewing court can determine from the
'circumstances of the case' that further administrative review is
needed to determine whether there was prejudice from the error").

When a court reverses an administrative determination, "the
proper course, except in rare circumstances, is to remand to the
agency for additional investigation or explanation."  <u>INS v. Ventura</u>,
537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is

1  proper where, as here, additional administrative proceedings could

2  remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d

3  599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d

4  1496, 1497 (9th Cir. 1984).

5

6                              **CONCLUSION**

7

8       For all of the foregoing reasons, Plaintiff's and Defendant's

9  motions for summary judgment are denied and this matter is remanded

10  for further administrative action consistent with this Opinion.

11

12       LET JUDGMENT BE ENTERED ACCORDINGLY.

13

14       DATED: October 15, 2014.

15

16                    _____/S/_____
                              CHARLES F. EICK
17                    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28